**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (297557)
ryan@kazlg.com
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Shayan Kamrava

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYAN KAMRAVA, **Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>CENLAR CAPITAL CORPORATION D/B/A CENTRAL LOAN ADMINISTRATION AND REPORTING A/K/A CENLAR FSB,<br><br>**Defendant.** | **Case No.:** 2:20-CV-11465<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>1. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br>2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ**.<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has recognized the need to protect the privacy of consumers and reduce public safety risks associated with receiving unwanted telemarketer and debt-collector calls. Receiving calls after a consumer has revoked consent undermines a consumer's right to privacy. As such, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to protect consumers from abusive debt-collector practices.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff SHAYAN KAMRAVA ("Mr. Kamrava," or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant CENLAR CAPITAL CORPORATION D/B/A CENTRAL LOAN ADMINISTRATION AND REPORTING A/K/A CENLAR FSB ("Cenlar" or "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt due and/or owed by Plaintiff, and by negligently, knowingly and/or willfully transmitting unsolicited, autodialed calls using an artificial or pre-recorded voice, to the cellular telephones of Plaintiff and the putative class members, without consent,

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Upon information and belief, Defendant placed the automated calls, using an artificial or pre-recorded voice, to Plaintiff and others similarly situated without their consent in order to collect a debt, which is exactly the type of telephonic contact the TCPA was designed to prevent.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**NATURE OF THE ACTION**

8. In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), in response to complaints about abusive telemarketing practices.

9. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an

> emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12.

10. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

11. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

12. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C § 227(b). Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

14. Because Defendant directs and conducts business within the State of California and this judicial district, personal jurisdiction is established.

15. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial

district at all times relevant.

16. Specifically, Defendant abusively sought to collect a debt and invaded Plaintiff's privacy by contacting Plaintiff on his cellular telephone, which occurred while Plaintiff was located in the County of Los Angeles, State of California, which is within this judicial district.

## PARTIES

17. Plaintiff is an individual residing in the County of Los Angeles, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g). Additionally, Plaintiff is, and at all times mentioned herein was, a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant, is, and at all times mentioned herein was, a national mortgage loan servicer registered in New Jersey. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County of Los Angeles, within this judicial district.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c). In the alternative, Defendant is a "creditor" as that term is defined by California Civil Code § 1788.2(i).

20. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

CLASS ACTION COMPLAINT

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

23. Sometime prior to 2019, Plaintiff incurred financial obligations to Defendant were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Specifically, Plaintiff incurred a "consumer debt" as that term is defined under Cal. Civ. Code § 1788.2(f) for a home mortgage loan with Cenlar (the "Loan").

25. Sometime in 2020, Defendant began placing numerous telephone calls to Plaintiff reminding Plaintiff to make payments on the Loan, and also alerting Plaintiff that he had an account notification. Defendant's telephonic communications to Plaintiff pertaining to the Loan persisted on a monthly basis throughout the year of 2020.

26. After several months of receiving telephone calls from Defendant about the Loan, Plaintiff began to feel extremely frustrated, harassed and annoyed.

27. On or around October 8, 2020, Plaintiff received a statement from Defendant notifying Plaintiff of his upcoming November 2020 payment on the Loan. This payment was due on November 1, 2020. The October statement also indicated that if Plaintiff's Loan payment was "received after 11/17/2020, [a] $75.05 late fee will be charged."

28. Defendant affords Plaintiff an approximate 17-day grace period between the time a payment on the Loan is due and/or owed to Defendant, and when a late fee is assessed. Plaintiff generally makes his payment on the Loan sometime within this 17-day grace period.

29. On or around November 5, 2020, Plaintiff sent Defendant a written communication via facsimile requesting Defendant cease and desist from contacting Plaintiff regarding the Loan in any manner, including on Plaintiff's cellular telephone.

30. Plaintiff's written communication requesting Defendant to cease contacting Plaintiff was received by Defendant on or around November 6, 2020 at 7:53 p.m.

31. Despite receiving Plaintiff's written request, Defendant has continued to repeatedly contact Plaintiff via telephonic and written communications with regard to Plaintiff's Loan throughout November of 2020.

32. Specifically, on or about November 7, 2020, at approximately 9:17 a.m., Defendant placed an automated call to Plaintiff on his cellular phone ending in 9045 from the number (800) 242-7178.

33. Later that same day, at approximately 1:04 p.m., Plaintiff received a second automated call on his cellular phone ending in 9045 from the number (800) 242-7178. A few minutes later, at 1:27 p.m., Plaintiff received a third automated call on his cellular phone ending in 9045 from this same number.

34. On or around November 9, 2020, at approximately 10:34 a.m., Defendant placed a fourth automated call to Plaintiff on his cellular phone ending in 9045 from the number (800) 242-7178.

35. Defendant placed these four calls in order to attempt to collect a Loan payment from Plaintiff, which was currently due and/or owed to Defendant, and also to alert Plaintiff that he had an account notification. These telephonic communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b). These four calls by Defendant involved a computerized voice and/or pre-recorded voice message followed by a long pause prior to Defendant's live representatives coming on the line

36. Plaintiff was confused, frustrated and annoyed as to why he was

continuing to receive automated telephone calls from Defendant when he expressly revoked his consent for Defendant to contact him in any manner including specifically on his cellular telephone.

37. On or around November 10, 2020, Plaintiff received a written communication from Defendant informing Plaintiff that Plaintiff was required to sign and return a document in order for Defendant to "formally process" his request to have Defendant cease communicating with Plaintiff.

38. Said letter also informed Plaintiff that failure to sign and return the document within 30 days could "result in continued communication" from Defendant.

39. Thus, even though Defendant received Plaintiff's cease and desist letter informing Defendant to refrain from contacting Plaintiff, Defendant failed to honor this request as required by 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Instead, Defendant imposed an unlawful additional administrative hurdle by requiring Plaintiff to fill out an additional document before Defendant would agree to cease communicating with Plaintiff.

40. Such contact after a cease and desist letter was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

41. Plaintiff's November 1, 2020 payment on the Loan was received by Defendant on or around November 16, 2020.

42. Upon information and belief, the above four calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A), to contact Plaintiff regarding Plaintiff's Loan with Defendant.

43. When answering the repeated telephone calls, Plaintiff heard a

computerized voice and/ or pre-recorded voice message followed by a long pause prior to Defendant's live representatives coming on the line.

44. Defendant or its agent were engaging in debt collection each time they called Plaintiff's cellular telephone to remind Plaintiff to make payments on Plaintiff's Loan with Defendant.

45. Despite Plaintiff's clear request to Defendant to cease contact with Plaintiff, Defendant has called Plaintiff multiple times on his cellular telephone without his prior express consent.

46. Upon information and belief this telephone dialing equipment used by Defendant, or its agent, has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

47. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list, without human intervention.

48. The numerous unwanted calls from Defendant caused Plaintiff to become annoyed, frustrated, and caused Plaintiff emotional distress. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

49. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

50. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

51. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their telephone with one or more unwanted calls, causing nuisance and lost time.

52. The telephone number Cenlar or its agent called was assigned to a

cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

53. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

54. After Plaintiff's written communication directing Defendant to cease communication with Plaintiff was received by Defendant, Plaintiff effectively revoked consent to receive calls from Defendant.

55. Defendant's calls to Plaintiff cellular telephone number were unsolicited by Plaintiff and were placed after Plaintiff had properly revoked consent. Therefore, Defendant did not have "prior express consent" to call Plaintiff by means of an ATDS and/ or artificial or pre-recorded voice as prohibited by 47 U.S.C § 227(b)(1)(A).

56. Such contact after Plaintiff's cease and desist letter was received by Defendant constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17. Additionally, Defendant's contact through an ATDS and/or artificial or prerecorded voice, after Plaintiff revoked consent to be contacted, violated 47 U.S.C. § 227(b)(1).

57. Defendant's form letter sent to Plaintiff requesting Plaintiff to further confirm Plaintiff did not want to be contacted (despite already being sent a clear letter by Plaintiff), shows that Defendant's behavior in continuing to contact Plaintiff and the putative class members was systematic and willful.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

59. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons within the United States who received an automated call from Defendant, its employees or its agents, to their cellular telephone, within the four years prior to the filing of the Complaint.

60. Plaintiff represents, and is a member of, the Sub-Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons with addresses within the State of California who requested Defendant to stop contacting them and thereafter received at least one subsequent contact from Defendant within one year prior to the filing of the Complaint.

61. The Class and Sub-Class are together referred to as the "Classes."

62. Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

63. Plaintiff reserves the right to redefine the Classes, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

64. The Classes that Plaintiff seeks to represent contains numerous members and is ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

**Numerosity**

65. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Plaintiff at this time. However, given that, on information and

belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited calls to hundreds, if not thousands, of customers' cellular telephones nationwide using an ATDS, and transmitting an artificial or prerecorded voice message, during the proposed class period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

66. There are questions of law and fact common to the Class and Sub-Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) Whether within the four years prior to the filing of this Complaint, Defendant or employees or agents transmitted any calls, including any artificial or prerecorded calls, without the prior express consent of Plaintiff and Class members using an "automatic telephone dialing system";

b) Whether Defendant can meet its burden to show Defendant has prior express consent to send the calls complained of, assuming such an affirmative defense is raised;

c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation;

e) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future;

f) Whether Defendant's conduct violated the RFDCPA;

g) Whether members of the Sub-Class are entitled to the remedies under the RFDCPA;

h) Whether members of the Sub-Class are entitled to an award of

- 12 -
CLASS ACTION COMPLAINT

reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and,

i) Whether Defendant can satisfy the bona fide error affirmative defense, assuming such an affirmative defense is raised.

**Typicality**

67. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the Class and Sub-Class, as demonstrated herein.

68. Plaintiff represents and is a member of the Classes because Plaintiff received at least one call using a prerecorded voice through the use of an automatic telephone dialing system, without prior express consent to the Defendant within the meaning of the TCPA, and Defendant continued to contact Plaintiff despite receiving a cease and desist letter instructing Defendant to cease contacting Plaintiff about Plaintiff's debt. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Classes that Plaintiff seeks to represent.

69. Plaintiff and all members of the Classes have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

70. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Class and Sub-Class with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the Classes. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

71. In addition, the proposed class counsel is experienced in handling

claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the Classes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of the Classes.

**Predominance**

72. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Classes are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

73. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class and Sub-Class is impracticable and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes. Even if every individual member of the Class and Sub-Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

74. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the Classes. Further, it will prevent the

very real harm that would be suffered by numerous members of the Classes who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

75. The prosecution of separate actions by individual members of the Classes may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the Classes to protect their interests.

76. The prosecution of individual actions by members of the Classes would establish inconsistent standards of conduct for Defendant.

77. Defendant has acted or refused to act in ways generally applicable to the Classes, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class and Sub-Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

78. The Classes may also be certified because:

(a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendants have acted or refused to act on grounds generally

applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Class and Sub-Class as a whole.

79. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ*.**
**ON BEHALF OF THE CLASS**

80. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

81. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*. Defendant's repeated automated calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone, without any prior express consent.

82. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

83. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ*.**
**ON BEHALF OF THE CLASS**

84. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

85. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

86. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

87. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and all members of the Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### THIRD CAUSE OF ACTION
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
### ON BEHALF OF THE SUB-CLASS

88. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

89. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

90. As a result of each and every violation of the RFDCPA, Plaintiff and the Sub-Class are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Classes, prays for the following relief:

- That this action be certified as a Class Action, establishing the Classes and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the Classes;

- Appointing the law firms representing Plaintiff as Class Counsel;
- Pre-judgment and post-judgment interest;
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5;

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 *ET SEQ.*

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any other further relief that the court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 *ET SEQ.*

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Any other further relief that the court may deem just and proper.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- Any other further relief that the court may deem just and proper.

### JURY DEMAND

91. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 18, 2020

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/ ABBAS KAZEROUNIAN
ABBAS KAZEROUNIAN, ESQ.
ak@kazlg.com
ATTORNEY FOR PLAINTIFF