JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYAN KAMRAVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br><br>Defendant. | Case No. 2:20-cv-11465-TJH-E<br><br>**ORDER GRANTING FINAL APPROVAL AND JUDGMENT** |

WHEREAS, the above-captioned putative class action is pending in this Court (the "Action");

WHEREAS, after arm's-length negotiations and settlement discussions, plaintiff SHAYAN KAMRAVA ("Plaintiff" or "Mr. Kamrava") and defendant CENLAR FSB ("Defendant" or "Cenlar") (herein jointly referred to as the "Parties") entered into a Class Action Settlement Agreement and Addendum thereto (hereinafter referred to as the "Settlement" or "Agreement"), which is subject to review pursuant to the applicable Rules of Civil Procedure;

WHEREAS, on December 14, 2022, the Parties notified the Court a settlement had been reached between Plaintiff, individually and on behalf of all

others similarly situated, and Defendant related to Plaintiff's claims in this action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 ("RFDCPA") (Dkt. No. 51);

WHEREAS, on February 13, 2024, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 66);

WHEREAS, upon consideration of the Agreement, Preliminary Approval Motion, and the record, on August 19, 2024, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 73) (the "Preliminary Approval Order");[1]

WHEREAS, pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) the Settlement Class with respect to the claims asserted in this Litigation; (ii) preliminarily approved the proposed Settlement; (iv) appointed Plaintiff Shayan Kamrava as the Class Representative; (v) appointed Kazerouni Law Group, APC as Class Counsel; and (vi) set the date and time of the Final Approval Hearing.

WHEREAS, on January 13, 2025, Class Counsel timely filed their motion for Attorneys' Fees, Litigation Costs, and Incentive Award ("Fee Motion").

WHEREAS, on January 13, 2025, Plaintiff filed an Unopposed Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to Plaintiff's Final Approval Motion, Plaintiff requested final certification of the Settlement Class and final approval of the proposed class action Settlement.

WHEREAS, on February 26, 2025, a Final Approval Hearing was held to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable,

---

[1] Unless otherwise specified, defined terms or capitalized terms in this Order have the same meaning as in the Settlement Agreement.

adequate, and in the best interests of the Settlement Class Members and should be approved by the Court. The Court has read and considered the Agreement, Final Approval Motion, Fee Motion and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Jurisdiction. The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. Settlement Class Members. The Action is hereby finally certified, for settlement purposes only, and the following TCPA Settlement Class and RFDCPA Settlement Sub-Class (collectively "The Settlement Classes") are defined as and certified as follows:

   a. TCPA Settlement Class:

   All persons within the United States who received an automated call to their cellular telephone, after revocation of consent, within the TCPA Class Period from defendant or a loan servicer on whose behalf Defendant was sub-servicing, its employees or its agents (the "TCPA Settlement Class").

   b. RFDCPA Settlement Sub-Class:

   All persons with addresses within the State of California who requested in writing that Defendant or the loan servicer on whose behalf Defendant was sub-servicing to stop contacting them and thereafter (i) received a letter asking them to sign and return a form confirming their cease-and-desist request or (ii) received at least one subsequent telephone call within the RFDCPA Sub-Class Period (the "RFDCPA Settlement Sub-Class").

Excluded from the Settlement Classes are Defendant and any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant, or any parent, subsidiary or affiliate of Defendant, and the immediate family members of all such persons.

3. Final Approval. The Settlement Agreement is finally approved in all respects

as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

4. <u>Final Class Certification.</u>  The Court again finds that the Action satisfies the applicable prerequisites for class action treatment, namely:

(1) the Settlement Classes are so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the Settlement Classes;

(3) Plaintiff's claims are typical of the claims of the Settlement Classes;

(4) Plaintiff will fairly and adequately protect the interests of the Settlement Classes;

(5) for purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Classes are sufficiently cohesive to warrant settlement by representation; and,

(6) certifying the Settlement Classes is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

The Court further finds the Settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for the benefits of a class-wide

settlement in the present rather than an uncertain outcome in the future.

The Court also finds each side possessed sufficient information with which to evaluate the merits of the case and determine that settlement was appropriate in light of the risks. As such, the parties' negotiations, and in turn the Settlement, were based on realistic, independent assessments of the merits of the claims and defenses in this case.

5. <u>Notice</u>. The Court finds that the Notice of Proposed Class Action Settlement in the forms set forth in **Exhibits B & C** to the Settlement Agreement and Addendum ("Notice") meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights. Thus, the Court finally approves the notice plan and procedures set forth in Section III.8(a) of the Settlement Agreement.

6. <u>Exclusions and Objections</u>. zero exclusions were received, and zero objections were received.

   a. The Settlement Class Members were given an opportunity to object to the settlement. Zero Settlement Class members filed objections.

7. <u>Settlement Terms</u>: The Agreement (inclusive of the Addendum), which has been filed with the Court and shall be deemed incorporated herein, and the Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof. The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the significant cash benefits to the Settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the classes.

8. <u>Administration of the Settlement</u>. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Court appointed Simpluris as the third-party Claims Administrator. The Claims Administrator shall disburse Cash Settlement Payments to entitled Settlement Class Members who have not submitted a valid Exclusion Form (and who received U.S. Mail Notice) in accordance with the requirements of, *inter alia*, Section III.6 of the Settlement Agreement, and apply the Calculation of Individual Cash Settlement Payments set forth in Section III.6.1(a-c) in disbursing the Cash Settlement Payments to Settlement Class Members.

9. <u>Release of Claims and Dismissal of Litigation</u>. The Class Representative and Settlement Class Members who did not exclude themselves DO FULLY, FINALLY, AND FOREVER SETTLE, RELEASE, AND FOREVER DISCHARGE the Released Parties (as defined in Section II.T) from the Released Claims (as defined in Section II.S), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, facts, demands, injuries, or damages that are unknown or unsuspected to exist at the time this Agreement is executed and approved by the trial court, are hereby expressly, knowingly, and voluntarily waived by the Class Representative.

   a. In addition, to the extent applicable, the Class Representative waives the application of Section 1542 of the California Civil Code, which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY" or any

similar provision in any state or federal law.

b. Plaintiff and Defendant agree that through this settlement, Plaintiff, on his individual behalf, will release all presently-existing claims that were raised or could have been raised in this action pursuant to the RFDCPA and TCPA.

c. Plaintiff and Defendant memorialized a full release of claims in a separate document related to Plaintiff only.

d. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. <u>Class Representative and Service Award</u>. The Court confirms that Plaintiff Shayan Kamrava is appointed as the Class Representative of the Settlement Classes.

   a. Pursuant to the terms of the Agreement, Defendant agreed to not object to a requested Service Award that did not exceed $3,000. Having reviewed Class Counsel's Fee Motion, the Court further approves Plaintiff Shayan Kamrava's requested Service Award in the amount of $3,000 to be paid from the Common Fund.

11. <u>Class Counsel and Attorneys' Fees and Costs</u>. The Court appoints Abbas Kazerounian, Ryan L. McBride, and Pamela E. Prescott of Kazerouni Law Group, APC as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Classes.

   a. The Court further approves Class Counsel's request for attorneys' fees in the amount of $184,219.23 and costs in the amount of $29,980.77.

   b. The Court finds that the requested fees are reasonable for the reasons set forth herein. Further, the Court finds the hourly rates of Class Counsel are fair and reasonable. The award of attorneys' fees and costs to Class

Counsel shall be paid from the Common Fund within the time-period and manner set forth in the Settlement Agreement.

12. The Litigation is hereby dismissed with prejudice in all respects.
13. This Order is not, and shall not be construed as, an admission by Defendant.
14. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Litigation and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT'S SO ORDERED.**

Dated: April 14, 2025

By: /Terry J. Hatter, Jr./
HON. TERRY J. HATTER, JR.
United States District Judge